[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO DEFENDANT'S MOTION TO CONFIRMARBITRATION AWARD AND PLAINTIFF'S MOTION TO TERMINATE AND IN OPPOSITIONTO DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD
The court terminates its stay. The court grants the defendant's motion to confirm the arbitration award and dismiss the plaintiff's action with prejudice. In this regard, the court finds that the plaintiff agreed to "submit her claims to arbitration . . ." without any restrictions. See Joint Motion for Stay; see also Fink v. Golenbock, 238 Conn. 193, 196-97 
n. 10, 680 A.2d 1243 (1996) (concluding that a CUTPA claim can be arbitrated). The arbitrator dismissed her claims. Further, the CT Page 1562 court concludes that the 30 day statutory time limit in which to render an arbitration agreement, General Statutes § 52-416, does not apply, because the parties read and agreed to arbitration "in accordance with the Constitution, By-Laws, Rules, regulations and/or Code of Arbitration Procedure of the National Association of Securities Dealers. . . ", and by said agreement the parties authorized the arbitrator to rule upon the submitted matter beyond thirty days. Said agreement under which the plaintiff and the respondents agreed to arbitrate states that said arbitration is to be governed by New York law. Thus, this court rejects plaintiff's claim as to the applicability of Connecticut law on the issues before the court.
Therefore, the jurisdictional claim of the plaintiff is rejected.
DAVID SKOLNICK, JUDGE